UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

------------------------------------------------------------
In re:

    *Jeffrey W. Plaisted,*

BKY 19-30972 WJF

Chapter 13 Case

    Debtor.
------------------------------------------------------------

**NOTICE OF HEARING AND MOTION ON TRUSTEE'S RENEWED
OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

TO:  All parties in interest pursuant to Local Rule 9013-3:

    1.    Gregory A. Burrell, Chapter 13 Trustee (the "trustee"), by and through his undersigned attorneys, moves the court for the relief requested below and gives notice of hearing.

    2.    The court will hold a hearing on this motion at 10:30 a.m. on Thursday, June 27, 2019, in Courtroom 2B, United States Courthouse, 316 North Robert Street, St. Paul, Minnesota.

    3    This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1.  This proceeding is a core proceeding.  The petition commencing this case was filed on April 1, 2019.  The case is now pending in this court.

    4.    This motion arises under 11 U.S.C. §§ 521; 1322 and 1325 and Bankruptcy Rule 3015.  This motion is filed under Bankruptcy Rule 9014 and Local Rules 3015-3, 9006-1, 9013-1 through 9013-5, and such other Local Rules as may apply. Movant requests relief with respect to denial of confirmation of the debtor's proposed undated Chapter 13 plan filed on April 15, 2019 (the "Plan").

    5.    The debtor failed to mark all boxes in part 1 and does not include the minimum plan term in part 2.3 of the Plan.

    6.    The Plan provides for 12 monthly payments in the amount of $1,000.00 per month and 48 monthly payments of $10,062.50 to be paid at an unspecified time for a total contribution of $495,000.00.

6.  Net of the Trustee's fee of $49,500.00 (10%),[1] plan payments will be distributed as follows:

| | |
|---|---|
| Secured claim of Shellpoint Mortgage | $450,000.00 |
| Unsecured Creditors | $     852.00 |

*See* ECF No. 9 at 2-4.  The deadline for timely filing non-governmental proofs of claims was June 10, 2019, so the amount of timely filed claims is fixed and determined. Unsecured claims total $17,207.56.  Thus the proposed distribution to unsecured creditors will be approximately 5%.

7.  The has income from self-employment and has not provided a profit and loss statement, or balance sheets from the business as is required by 11 U.S.C. § 521(a).

8.  The debtor has not provided a bank account statement for his personal checking account covering the date of filing of the petition; and pages are missing from the business account statement provided to the trustee.

9.  The debtor has not provided a copy of his 2018 Minnesota tax return.

10. The plan cannot be administered as written because it requires payments in the amount of $7,500 per month to the secured lender beginning in month one but the plan payments are only $1,000 per month for the first 12 months.

11. According to the debtor's schedules he has non-exempt assets in the amount of $527,600.00 (the majority of which is attributed to a Dairy Queen business). As stated above the distributions to unsecured creditors under the terms of the plan will be $852.00

12. The trustee objects to confirmation of the debtor's plan because it is not proposed in good faith, fails to meet the best efforts test and fails to meet the best interests test.  The debtor has failed to cooperate with his duties required under the bankruptcy code.  Additionally, the value, as of the effective date of the plan, of property to be distributed on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate of the debtors was liquidated under Chapter 7 of Title 11 on such date.  *See also In re Cumba*, 505 B.R. 110 (Bankr. D. Puerto Rico 2014).

13. The trustee further objects to confirmation because the debtors have failed to provide the trustee with a copy of their 2018 Minnesota tax returns.

14. This motion incorporates by reference the debtors' statements and schedules on file herein, as well as testimony provided at the 341 meeting of creditors.

WHEREFORE, the trustee requests an order denying confirmation of the debtors'

---

[1] The plan erroneously states that the trustee's fee is $44,148.00 but the trustee is entitled to 10% of the amounts collected.

proposed modified chapter 13 plan, and for such other relief the court deems just and equitable. The trustee further reserves the right to supplement this motion to add any additional basis for objection to confirmation as additional information becomes available.

                                              Gregory A. Burrell, Chapter 13 Trustee

Dated: June 20, 2019                  /e/ *Heather M. Forrest*
                                            Jeffrey M. Bruzek, ID # 319260
                                            Heather M. Forrest, #398764
                                            Counsel for Chapter 13 Trustee
                                            100 South Fifth Street, Ste. 480
                                            Minneapolis, MN  55402
                                            (612) 338-7591

## VERIFICATION

I, Heather M. Forrest, employed by Gregory A. Burrell, chapter 13 trustee, the movant named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed:  June 20, 2019                  /e/ Heather M. Forrest

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

------------------------------------------------------------

In re:

*Jeffrey W. Plaisted,*

BKY 19-30972 WJF

Chapter 13 Case

Debtor.

------------------------------------------------------------

MEMORANDUM IN SUPPORT OF OBJECTION TO CONFIRMATION

FACTS

The facts supporting the trustee's objection are summarized in the accompanying motion and will not be repeated here. The trustee also relies on the representations made by the debtors in the schedules and statements on file herein, as well as testimony provided at the 341 meeting of creditors.

LEGAL DISCUSSION

A. The plan was not filed in good faith

11 U.S.C. § 1325(a)(3) allows a proposed chapter 13 plan to be confirmed only if it has been proposed in good faith. "The bad faith determination focuses on the totality of the circumstances, specifically: (1) whether the debtor has stated his debts and expenses accurately; (2) whether he has made any fraudulent representation to mislead the bankruptcy court; or (3) whether he has unfairly manipulated the bankruptcy code." *In re Molitor*, 76 F.3d 218, 220 (8th Cir. 1996).

The debtor has failed to provide documentation necessary to determine whether he is devoting all disposable income to the plan. His income is derived from self-employment and he has failed to provide profit and loss statements and balance sheets to evidence his available disposable income.

In this case, the trustee objects to the plan as the proposed payments are derived from potentially inaccurate statements of the debtor's income and/or expenses. It is unfair and misleading to propose such a plan with inaccurate income and/or expense statements. The proposed modified plan is filed in bad faith.

B. The Debtors have Failed to Comply with their Duties under Rule 4002 because he has not provided copies of all required tax returns:

11 U.S.C. § 1308(a) provides that "[n]ot later than the day before the date on which the meeting of creditors is first scheduled to be held under section 341(a), if the debtor was required to file a tax return under applicable nonbankruptcy law, the debtor shall file with the appropriate tax authorities all tax returns for all taxable periods ending due in the 4-year period ending on the date of the filing of the petition." The bankruptcy code goes on to provide that "…the court shall confirm a plan if … the debtor has filed all applicable Federal, state, and local tax returns as required by section 1308." 11 U.S.C. § 1325(a)(9). The debtor has not provided the trustee with a copy of their 2018 Minnesota tax returns.

The debtors have also failed to comply with the trustee's request for business financial records. *See* 11 U.S.C. §521. The trustee cannot perform the duties required of him under § 1302 if the debtor does not provide truthful and accurate information and the plan should not be confirmed until he does so.

In this case, the trustee further objects to confirmation of the plan because the debtor has failed to comply with §§ 1308(a); 1325(a)(2); 1325(a)(9); and §521(a).

## CONCLUSION

For the reasons stated herein, the trustee respectfully requests that the court deny confirmation of the debtors' proposed chapter 13 plan. The trustee further reserves the right to supplement his motion and brief as additional information becomes available.

Respectfully submitted:

Dated: June 20, 2019

/e/ Heather M. Forrest
Jeffrey M. Bruzek, #319260
Heather M. Forrest, #398764
Counsel for Chapter 13 Trustee
100 South Fifth Street, Ste. 480
Minneapolis, MN  55402
(612) 338-7591

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

------------------------------------------------------------

In re:

*Jeffrey W. Plaisted,*

BKY 19-30972 WJF

Chapter 13 Case

Debtor.

------------------------------------------------------------

UNSWORN DECLARATION FOR PROOF OF SERVICE

I, Dawn L. Kassa, employed by Gregory A. Burrell, Chapter 13 Trustee, declare that on June 20, 2019, I served the Objection to Confirmation of Chapter 13 Plan, Memorandum of Facts and Law, and proposed Order Denying Confirmation of Chapter 13 Plan on all filing users in this case by electronic mail, as disclosed on the Notice of Electronic Filing herein, and on the individuals listed below, in the manner described:

By first class U.S. mail, postage prepaid:

Jeffrey W. Plaisted
2505 Lake Avenue
White Bear Lake, MN 55110

Craig W. Andresen via CM/ECF

And I declare, under penalty of perjury, that the foregoing is true and correct.

Executed: June 20, 2019                    /e/ Dawn Kassa

```
Label Matrix for local noticing          St Paul                                   Credit One Bank
0864-3                                   200 Warren E Burger Federal Building and  PO Box 60500
Case 19-30972                            US Courthouse                             City of Industry CA 91716-0500
District of Minnesota                    316 N Robert St
St Paul                                  St Paul, MN 55101-1465
Thu Jun 20 11:06:55 CDT 2019

Credit One Bank                          Credit One Bank                           MORTGAGE ELECTRONIC
PO Box 98872                             PO Box 98873                              REGISTRATION SYSTEMS INC
Las Vegas NV 89193-8872                  Las Vegas NV 89193-8873                   1818 LIBRARY STREET STE 300
                                                                                   RESTON VA 20190-6280


Merrick Bank                             Merrick Bank                              SHELLPOINT MORTGAGE
PO Box 660702                            PO Box 9201                               PO BOX 10826
Dallas TX 75266-0702                     Old Bethpage NY 11804-9001                GREENVILLE SC 29603-0826



(p)SN SERVICING CORPORATION              (p)US BANK                                US Trustee
323 FIFTH ST                             PO BOX 5229                               1015 US Courthouse
EUREKA CA 95501-0305                     CINCINNATI OH 45201-5229                  300 S 4th St
                                                                                   Minneapolis, MN 55415-3070


USSET, WEINGARDEN & LIEBO PLLP           Craig W. Andresen                         Gregory A Burrell
4500 PARK GLEN ROAD                      Craig W. Andresen Law Office              100 South Fifth Street
SUITE 300                                2001 Killebrew Dr. Ste 150                Suite 480
MINNEAPOLIS MN 55416-4891                Bloomington, MN 55425-3851                Minneapolis, MN 55402-1250



Jeffery Wayne Plaisted
2505 Lake Avenue
White Bear Lake, MN 55110-2418
```

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

---

In re:

    *Jeffrey W. Plaisted,*

               Debtor.

BKY 19-30972 WJF

Chapter 13 Case

---

ORDER DENYING CONFIRMATION

The above-entitled matter came on for hearing before the undersigned United States Bankruptcy Judge on the Chapter 13 Trustee's objection to confirmation of the Debtors' proposed Chapter 13 plan.

Appearances were noted in the minutes.

Upon the foregoing objection, arguments of counsel, and all of the files, records and proceedings herein:

IT IS ORDERED:

1. The trustee's objection to confirmation of the debtors' undated Chapter 13 plan filed on April 15, 2019, is **SUSTAINED**.

2. Confirmation of the debtors' plan is **DENIED**.

Dated:

_____
William J. Fisher
United States Bankruptcy Judge